IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                 Case No. 07-10143-06-JTM

CHESTER RANDALL, JR.,

    Defendant.

MEMORANDUM AND ORDER

Defendant Chester Randall, after pleading guilty to Count 2 of the Fifth Superseding Indictment, charging conspiracy to participate in a racketeer influenced and corrupt organization in violation of 18 U.S.C. § 1962(d), was sentenced to prison for 46 months. (Dkt. 566). The sentence imposed was at the bottom of the guideline range. The matter is now before the court on Randall's Motion to Modify Sentence Pending Appeal. (Dkt. 651). Randall requests that his sentence be modified based on "Amendment 5."

The amendment cited by Randall as "Amendment 5" is Amendment 742, which eliminated the "recency provision" under U.S.S.S.G. 4A1.1(e) from the guidelines effective November 1, 2010. The effect of this provision, if it were applicable, would be to reduce Randall's criminal history.

The government contends that the court is without jurisdiction to hear Randall's motion, since the matter is currently on appeal, Randall having submitted a Notice of Appeal on May 11, 2010, citing the observation in *Griggs v. Provident Consumer Discount*, 459 U.S. 56, 58 (1982) that

the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." Randall contends that the court has jurisdiction, since the appeal does not include "this particular Issue" involving U.S.S.S.G. 4A1.1(e). (Dkt. 653, at 1).

The court finds it is without jurisdiction to address Randall's motion. Randall's appeal broadly attacked all aspects of the court's judgment. In his Notice of Appeal, he asserted that he was appealing "from the pre-trial rulings, guilty verdicts, final judgement, post-trial rulings, conviction and sentence, in this case." (Dkt. 571, at 1). Further, Randall cannot challenge some aspects of his sentence here, while he is simultaneously attacking other aspects of his sentence in the Court of Appeals. That is because "a docketed notice of appeal suspends the sentencing court's power to modify a defendant's sentence." *United States v. Distasio*, 820 F.2d 20, 23 (1st Cir. 1987). "Indeed, the circuit courts have uniformly acknowledged that the sentencing court is without jurisdiction to rule on a motion for reduction of sentence once a notice of appeal has been docketed." *Id*. (citing cases).

Second, even if there were no pending appeal, the court would be without authority to authorize the requested modification. Mr. Randall was sentenced on April 29, 2010, before the amendment came into effect. Defendants who have already been sentenced are not entitled to relief under a new guideline amendment unless the Sentencing Commission expressly chooses to make the amendment retroactive. A guideline amendment is applied retroactively only when it has been specifically listed among the retroactive amendments identified in USSG § 1B1.10(c). *United States v. Dunphy*, 551 F.3d 247, 249 n. 2 (4th Cir.), *cert. denied*, 129 S.Ct. 2401 (2009).

Because Amendment 742 is not listed in § 1B1.10(c), it is not retroactive and therefore the Court is without authority to modify his sentence based on Amendment 742. *See United States v.*

*Mitchell*, 2010 WL 4069520 at *2 (2nd Cir. Oct. 19, 2010) (district court is "required to calculate [defendant]'s sentence using the Guidelines in effect at the time of sentencing," and could not consider the application of the "recency" amendment prior to its effective date). *See also United States v. Jones*, No. 4:98cr89, 2010 WL 5057089, *2 (W.D.N.C. Dec. 6, 2010) ("recency amendment not retroactive); *United States v. Boone*, No. 3:08CR026, 2010 WL 4853289, *1-2 (E.D. Va. Nov. 23, 2010) (same); *United States v. Alonso*, No. 3:09-CR-031-L, 2010 WL 4609855, *.2 (N.D. Tex. Nov. 15, 2010) (same).

IT IS ACCORDINGLY ORDERED this 6th day of January, 2011, that the defendant's Motion to Modify Sentence (Dkt. 651) is hereby denied.

 s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE